In re CORPORACION de SERVICIOS MEDICO–HOSPITALARIOS de FAJARDO, Debtor.

LA CRUZ AZUL de PUERTO RICO, Plaintiff,

v.

CORPORACION de SERVICIOS MEDICO–HOSPITALARIOS de FAJARDO, Servicios Clinico Patologicos del Este, Inc., Defendants.

Bankruptcy No. 85–00553 ANV.
Adv. No. 86–0288.

United States Bankruptcy Court, D. Puerto Rico.

April 4, 1989.

See also 84 B.R. 3.

Jose R. Cancio, Hato Rey, P.R., for debtor.

Gilberto Mayo Pagan, Santurce, P.R., for plaintiff.

Jose B. Diaz Asencio, San Juan, P.R., for Servicios Clinicos Patologicos.

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.*

Before the Court are opposing Motions for Summary Judgment brought by La Cruz Azul de Puerto Rico ("La Cruz Azul") and Servicios Clinico Patologicos del Este, Inc. ("SCPEI"). The parties agree that no genuine issue of material fact remains in dispute and that, pursuant to Federal Rule of Civil Procedure 56, judgment can be rendered as a matter of law.

Upon consideration of the arguments and relevant case law presented by the parties in their numerous and lengthy memoranda, we conclude that the $50,011.02 on deposit with the Superior Court of Puerto Rico, San Juan Ward, civil case number 84–1821, is the property of La Cruz Azul and not of the SCPEI or the debtor.[1]

■ Although the SCPEI has argued that the doctrine of res judicata applies to this adversary proceeding, we cannot agree. Article 1204 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3343, requires the perfect identity of things, causes, persons and capacity, in order for the doctrine of res judicata to apply.[2] Such "perfect identity" does not exist between Adversary Proceeding 85–0184,[3] involving the debtor, Corporacion de Servicios Medico–Hospitalarios de Fajardo ("CSMHF") and the SCPEI, and the instant Adversary Proceeding 86–0288, involving La Cruz Azul de Puerto Rico and CSMHF and SCPEI. First of all, La Cruz Azul was not a named party in the prior adversary proceeding, nor did it receive notice of that lawsuit. More importantly, La Cruz Azul had no interest in the attached bank account which was the subject of the previous dispute.[4] The general rule is that "[i]dentity of parties and interest is required so that a party's rights and

---

* Of the District of Rhode Island, sitting by designation.

1. The debtor has not submitted a brief in this adversary proceeding, since it takes no position regarding the attached funds (apparently because it has received full payment from La Cruz Azul). The debtor acknowledges, however, that the $50,011.02 belongs to either La Cruz Azul or the SCPEI.

2. 31 L.P.R.A. § 3343 provides, in pertinent part that:
   In order that the presumption of the res adjudicata may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is involved, there be the perfect identity between the things, causes and persons of the litigants, and their capacity as such.

3. This adversary proceeding was dismissed on September 18, 1985, due to CSMHF's failure to attend a scheduled pretrial conference.

4. The Complaint in A.P. 85–0184 concerned only the return of the $33,129.26 on deposit with the Banco Central in Fajardo, which the SCPEI attached on April 30, 1985.

obligations will not be determined without their knowledge or an opportunity for participation." *Futura Development Corp. v. Centex Corp.,* 761 F.2d 33, 43 (1st Cir. 1985).

Although the SCPEI argues that La Cruz Azul is the successor in interest of the debtor as was found in *Republic Sec. Corp. v. Puerto Rico Aqueduct, Etc.,* 674 F.2d 952 (1st Cir.1982), we find that to be neither a factually or legally correct statement. Here, there is no assignment relationship between La Cruz Azul and the CSMHF, as was found in *Republic Sec. Corp., supra;* nor does either party appear in a representative capacity for the other, *see, e.g., Heirs of Zayas–Berrios v. Berrios,* 90 P.R.R. 537 (1964); *Lugo v. Bartolomei,* 46 P.R.R. 647 (1934); *Stitzer v. University of P.R.,* 617 F.Supp. 1246 (D.P.R. 1985). 31 L.P.R.A. § 3343 provides, in relevant part, that: "It is understood that there is identity of persons whenever the litigants of the second suit are legal representatives of those who litigated in the preceding suit, or when they are jointly bound with them or by the relations established by the indivisibility of prestations among those having a right to demand them, or the obligation to satisfy the same." La Cruz Azul was neither the legal representative nor jointly bound with the debtor as to the SCPEI obligation, for which it attached, among other things, the $33,129.26 on deposit with Banco Central, and which was the subject of the prior adversary proceeding. Without identity of parties, the doctrine of res judicata does not apply.

Additionally, there is no identity of "things" between the two adversary proceedings. "The requirement of perfect identity of 'things' has been defined as 'the object or matter over which the action is exercised'." *Futura Development Corp., supra,* at 44 (citing *Lausell Marxauch v. Diaz de Yanez,* 103 D.P.R. 533 (1975)). In Adversary Proceeding 85–0184, the object was the attached $33,129.26 bank account of CSMHF located at Banco Central. In the instant proceeding, the object of the action is the $50,011.02 which La Cruz Azul deposited with the Superior Court of Puerto Rico, San Juan Ward. The SCPEI argues, however, that the writ of attachment of the Superior Court of Puerto Rico dated April 17, 1985, is the object over which the action is exercised. We cannot agree with this analysis. La Cruz Azul is seeking to recover only the funds it deposited with the Superior Court of Puerto Rico, in reliance on the execution of the writ of attachment served on May 1, 1985, and not to recover the funds attached, pursuant to the three other executions issued between April 30 and May 3, 1985, to different parties.

We do agree, that the "identity of causes," which is defined as "the principal ground, the origin of the actions or exceptions raised and decided," *Futura Development Corp., supra,* at 44 (citing *Lausell Marxauch v. Diaz de Yanez,* 103 D.P.R. 533 (1975)), is the same in both this and the previous adversary proceeding, namely, the validity of the writ of attachment. However, this similarity alone is not sufficient to invoke the doctrine of res judicata. Accordingly, we conclude that res judicata does not bar us from considering the merits of this adversary proceeding.

■ Procedural issues aside, we turn now to the merits of the controversy. La Cruz Azul alleges that the Superior Court of Puerto Rico's April 13, 1985 Order of Attachment is a preference, pursuant to 11 U.S.C. § 547(b),[5] and that any interest the

---

5.  11 U.S.C. § 547(b) provides:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—

> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and

SCPEI might have had in the attached $50,011.02 is therefore extinguished.

The debtor, CSMHF, filed its Chapter 11 petition on May 10, 1985, less than 30 days after the issuance of the Superior Court's Order of Attachment. Thus, the transfer (the attachment) occurred within the ninety day time period required by § 547(b)(4). In addition, § 547(f) provides that a debtor is presumed to be insolvent during the ninety days preceding the filing of the petition, and there has been no rebuttal of that presumption. The monies deposited by La Cruz Azul pursuant to the attachment order were for payment of medical and/or hospital services rendered by the debtor, for which La Cruz Azul was responsible. As such, said payments represented accounts receivable of the estate under 11 U.S.C. § 541(a). The SCPEI's attachment of the disputed fund was based on an antecedent debt, and allowed it to receive more than it would have under a Chapter 7 liquidation. Since all of the elements required to establish a preference are present, the April 17, 1985 attachment which was executed on La Cruz Azul on May 1, 1985 is avoided, and any interest the SCPEI may have had in those attached funds is terminated.

▪ La Cruz Azul, pursuant to this Court's December 2, 1985 Order, paid the debtor the $50,011.02 it owed, and in so doing, satisfied its outstanding obligation. This payment extinguished any interest the debtor had in the deposited funds, and resulted in a constructive trust for the benefit of La Cruz Azul. The legislative history to § 541(a) envisions such an occurrence: "[s]ituations occasionally arise where property ostensibly belonging to the debtor will actually not be property of the debtor, but will be held in trust for another." H.R. Rep. No. 595, 95th Cong., 1st Sess. 367–68 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 82–83 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5868, 6324.

Accordingly, we find that the $50,011.02 being held by the Superior Court of Puerto

(C) such creditor received payment of such debt to the extent provided by the provisions

Rico, San Juan Ward, civil case number 84–1821 (904), is the property of La Cruz Azul, and, in conjunction with the resolution issued on March 25, 1986 by Judge Flavio E. Cumpriano of the Superior Court of Puerto Rico, in civil case number 84–1821 (904), we authorize and request the Superior Court of Puerto Rico, San Juan Ward to disburse said monies, together with any accrued interest, to La Cruz Azul.

Enter Judgment accordingly.